EQUITABLE SURETY COMPANY *v.* UNITED STATES TO THE USE OF W. McMILLAN & SON, a Corporation.

---

BONDS; PRINCIPAL AND SURETY; GOVERNMENT CONTRACTS.

In an action by a materialman on a bond given by a contractor with the District of Columbia for the erection of a public building in the District of Columbia, conditioned upon the contractor making prompt payment to all persons supplying him with labor and materials in

the prosecution of the work provided for in his contract, as required by the act of Congress of February 28, 1899 (30 Stat. at L. 906, chap. 218), it is no defense to the surety that the District of Columbia altered the contract by requiring the building to be relocated, thereby necessitating a change of grade and additional excavating, entailing more expense to the contractor.

No. 2567.    Submitted November 7, 1913.    Certified to the Supreme Court of the United States January 7, 1914.    Appeal dismissed by the appellant October 6, 1914.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia, granted under the 73d rule of that court for want of a sufficient affidavit of defense, in an action against the surety on the bond of a contractor with the District of Columbia for the erection of a public building in the District.

*Appeal dismissed on motion of appellant.*

*Mr. Joseph A. Burkart, Mr. William E. Ambrose,* and *Mr. J. J. Darlington* for the appellant.

*Mr. Lucas L. Loving* and *Mr. Wharton E. Lester* for the appellee.

This appeal was argued before the court of appeals, and submitted on November 7, 1913.    Thereafter, namely, on January 7, 1914, it was certified to the Supreme Court of the United States in conformity with sec. 251 of the Judicial Code of March 3, 1911 (36 Stat. at L. 1159, chap. 231, Comp. Stat. 1913, § 1228), the certificate being as follows:

"The court of appeals of the District of Columbia certifies that the record in the above-entitled cause now pending in said court upon appeal from the supreme court of the District of Columbia discloses the following:

"The declaration of the United States to the Use of W. McMillan and Son, filed February 11, 1913, against the Equitable Surety Company, alleges:

"That Allan T. Howison, as principal, and the Equitable Surety Company, as surety, on July 24, 1911, executed a bond to the United States in the penal sum of $110,350, conditioned for the faithful performance by said Howison of a certain contract made by him with the commissioners of the District of Columbia on said date. A copy of the bond, made an exhibit, shows that the contract was for the erection of a school building fronting on Eleventh street, N. W., between Harvard and Girard streets, in the city of Washington.

"The conditions of the bond are that if said Howison shall perform to the satisfaction of the said commissioners the work to be done by him in accordance with the stipulations of said contract, and shall save harmless and indemnify the District of Columbia from any and all claims, delays, suits, charges, damages, judgments, etc., on account of any accidents to persons or property after the commencement of the work and prior to completion and acceptance, and pay the same; and 'will promptly make payments to all persons supplying him with labor and material in the prosecution of the work provided for in said contract,' etc., the obligation shall be void; otherwise to remain in force. That hereafter said W. McMillan & Son, at the request of the Butt-Chapple Stone Company, agreed to furnish to said contractor certain stone materials to be used in the prosecution of the work provided for in said contract by the said contractor; and did furnish to said contractor materials of the kind and quality specified in his said contract to the value of $4,452.84, of which material the said contractor used in said building a quantity of the value of $3,952.84, for which he has failed to make payment. That defendant, though requested so to do, has refused to pay the same. The affidavit of the plaintiff in support of the declaration follows the requirements of rule 73.

"After the general issue, defendant filed a special plea denying liability on said bond because after the execution and delivery of the same, and without the knowledge or consent of defendant, the commissioners of the District of Columbia and

the said Howison, its principal, altered the contract the performance of which was guaranteed by said bond. That said alteration consisted in the entire changing of the building from one fronting on Eleventh street to one fronting on Harvard street, which alteration involved the contractor in considerable expense not contemplated in the original contract, and prejudicial to defendant. That said relocation of the building necessitated a material change in grading the ground. That prior to the change of location the contractor had graded the ground as required in the contract, and expended therein the sum of $2,393.90. That by reason of the change said sum was a total loss to the contractor, and the further excavation made necessary by the change of location was done at a cost of $1,300.90.

"The affidavit of defense alleged the said change in the contract without its knowledge or consent; and that the same necessitated a material change in the grading of the land which had been previously performed by the contractor, at a considerable expenditure not contemplated in the original contract, and prejudicial to the defendant. On motion under the 73d rule of the supreme court of the District of Columbia the court entered judgment for the plaintiff for the amount of the demand; and defendant has appealed therefrom.

"By stipulation two other cases involving the same question here presented are to abide the result of this case.

"The act of Congress, in compliance with the requirements of which the aforesaid bond was executed (30 Stat. at L. 906, chap. 218), reads as follows:

" 'An Act Relative to the Payment of Claims for Material and Labor Furnished for District of Columbia Buildings.

" 'Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That hereafter any person or persons entering into a formal contract with the District of Columbia for the construction of any public building, or the prosecution and completion of any public work, or for repairs upon any public building or public work, shall be required, before commencing such work, to execute the usual

penal bond, with good and sufficient sureties, with the additional obligations that such contractor or contractors shall promptly make payments to all persons supplying him or them labor and materials in the prosecution of the work provided for in such contract; and any person or persons making application therefor and furnishing affidavit to the department under the direction of which said work is being or has been prosecuted that labor or materials for the prosecution of such work has been supplied by him or them, and payment for which has not been made, shall be furnished with a certified copy of said contract and bond, upon which said person or persons supplying such labor and materials shall have a right of action, and shall be authorized to bring suit in the name of the District of Columbia or the United States for his or their use and benefit against said contractor and sureties and to prosecute the same to final judgment and execution: *Provided,* That such action and its prosecution shall not involve the District of Columbia or the United States in any expense: *Provided,* That in such case the court in which such action is brought is authorized to require proper security for costs in case judgment is for the defendant.

" 'Approved, February 28, 1899.'

"The court of appeals further certifies that the following question of law arises upon the record; that its decision is necessary to the proper disposition of the cause; and, to the end that a correct result may be reached, desires the instruction of the Supreme Court of the United States upon that question, to wit:

"Did the alteration of the terms of the contract by the District of Columbia and the contractor, without the knowledge or consent of the surety, have the effect to release the surety from the obligation of the bond?

Seth Shepard,
Chas. H. Robb,
Josiah A. Van Orsdel,
Chief Justice and Associate Justices of the Court of Appeals of the District of Columbia.

On July 30, 1914, the Supreme Court of the United States issued a mandate to the court of appeals which recited:

"And whereas in the present term of October in the year of our Lord, 1914, the said cause came on to be heard before the said Supreme Court on the said certificate and was argued by counsel;

On consideration whereof it is the opinion of the court that the question certified must be answered in the negative;

Whereupon it is now here ordered by this court that it be so certified to the said court of appeals."

On October 6, 1914, the appellant entered an order in the court of appeals dismissing the appeal.